IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANCISCO A. RODRIGUEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-235 |
| | § | |
| CAMERON COUNTY AND CAMERON | § | |
| COUNTY SHERIFF'S DEPARTMENT, | § | |
| Defendants | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**ORIGINAL COMPLAINT, FED. R. CIV. PROC. 12(b)(6)(2004).**

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street, Ste 420
Brownsville, Texas  78520
Telephone: 956.550.1345
Facsimile: 956.550.1348

John A. Olson
Texas State Bar #15274750
Federal ID #  4034

Attorney for Defendants
Cameron County and
Cameron County Sheriff's Department

# TABLE OF CONTENTS

                                                                    PAGE

TABLE OF AUTHORITIES ........................................................................... i-iv

SALUTATION ................................................................................................1

I.     STATUS OF THE CASE ....................................................................1-2

II.    ISSUES PRESENTED .........................................................................2

III.   FACTS ...............................................................................................2

IV.    ARGUMENTS ................................................................................3-11
1.     Plaintiff failed to present facts showing that Defendant Sheriff Dept. is properly a
party in his case ........................................................................................3-4
2.     Plaintiff failed to show that he timely served Defendants with written notice as
required by the Act ....................................................................................4-5
3.     Plaintiff's Complaint as to defamation and slander is barred through his failure to
have filed it within one (1) year of the date of his arrest ..................................... 5-6
4.     Plaintiff failed to present facts establishing a claim against Defendants under the
Act ........................................................................................................ 6-7
5.     Plaintiff failed to present facts establishing a claim against Defendants under 42
U.S.C. §1983 .........................................................................................7-10
6.     Plaintiff failed to present facts establishing a claim against Defendants under 28
U.S.C. §§2201 & 2202, and the Eighth and Fourteenth Amendments ................10-11

PRAYER ......................................................................................................11

CERTIFICATE OF SERVICE ........................................................................12

EXHIBIT A ..................................................................................................13

EXHBIT B ...................................................................................................14

EXHIBIT C ..................................................................................................15

# TABLE OF AUTHORITIES

                                                                    PAGE

CASES

Adickes v. S.H.Kress & Co.,
398 U.S. 144, 90 S.Ct. 1598, 26 L. Ed.2d 142 (1970) ...........................................8

Baker v. McCollan, 433 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) .................8

CASES (Cont'd)                                                    PAGE

Board of Commissioners of Bryan Co. v. Brown,
520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ...........................9

Bourne v. Nueces Co. Hosp. Dist., 749 S.W.2d 630
(Tex. App. – Corpus Christi 1988, writ denied) .....................................4

City of Hempstead v. Kmiec,
902 S.W.2d 118 (Tex. App. – Hous. [1st Dist.] 1995, no writ) ................7

City of Amarillo v. Langley,
651 S.W.2d 906 (Tex. App. – Amarillo 1983, no writ) ...........................8

City of Oklahoma City v. Tuttle,
471 U.S. 808, 105 S.Ct. 2427; 85 L.Ed.2d 791 (1985) ...........................9

City of San Antonio v. Dunn,
796 S.W.2d 258 (Tex. App. – San Antonio 1990, writ denied) ................7

Cope v. Anderson,
331 U.S. 461, 67 S.Ct. 1341, 91 L.Ed. 1602 (1947) ...........................10

Cox v. Klug, 855 S.W.2d 276 (Tex. App. – Amarillo 1993, no writ) .........................5

Daniels v. Williams, 474 U.S. 327,
106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ........................................9, 11

Doe v. Taylor Indep. School Dist., 15 F.3d 443 (5th Cir. 1994) ...............8

Flores v. Cameron Co., Tex., 92 F.3d 258 (5th Cir. 1996) .....................7

Harris Co. v. Dillard, 883 S.W.2d 166 (Tex. 1994) ..............................6

Jacobs v. Port of Neches Police Dept., 915 F. Supp. 842 (E.D. Tex. 1996) ...............3

Kyles v. Wheatley, 5 F.3d 806 (5th Cir. [La.] 1993) ..............................11

Lovelace v. Software Spectrum, Inc., 78 F.3d 1015 (5th Cir. 1996) .....................4-5, 9

Lynch v. Cannatella, 810 F.2d 1363 (5th Cir. 1987) ..............................9

Meadowbriar Home for Children v. Gunn, 81 F.3d 521 (5th Cir. 1996) .................8, 9

Monell v. Department of Social Services,
463 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) ..................... 8, 9

ii

CASES (Cont'd)                                                    PAGE

Montgomery Ward v. Garza,
660 S.W.2d 619 (Tex. App. – Corpus Christi 1983, no writ) ……………………..……….7

Parkway Co. v. Woodruff, 901 S.W.2d 434 (Tex. 1995) ………………………….…...7

Pembauer v. City of Cincinnati,
475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) …………………………………8

Rideau v. Jefferson Co., 899 F. Supp. 298 (E.D. Tex. 1995) ……………………….....4

Rodriguez v. Avita, 871 F.2d 552 (5th Cir. 1989),
cert. denied 493 U.S. 854, 110 S. Ct. 156, 107 L. Ed.2d 114 (1989) ……...…………. 9

Thompson v. Steele, 709 F.2d 381 (5th Cir. 1983) ……………………………………10

San Antonio Credit Union v. O'Connor,
115 S.W.3d 82 (Tex. App. – San Antonio 2003, writ denied) ………………………….5

State Dept. of Highways & Pub. Transp. v. Dopyera, 834 S.W.2d 50 (Tex. 1992),
cert. denied, 506 U.S. 1014, 113 S.Ct. 636, 121 L.Ed.2d 567 (1992) …………………5

Taylor v. Books A Million, Inc., 296 F.3d 376 (5th Cir. 2202) ……………………..…….9

Tex. Dept. of Transp. v. Able, 35 S.W.3d 608 (Tex. 2000) ………………………….…6

Thomas v. Collins,
860 S.W.2d 500 (Tex. App. – Hous. [1st Dist.] 1993, writ denied) …………………….8

Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732 (Tex. 2001) ……………….………5

Walton v. Alexander, 44 F.3d 1297 (5th Cir. 1995) ………………………………..…….8

Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968),
cert. denied, 396 U.S. 901, 90 S. Ct. 210, 24 L.Ed.2d 177 (1969) …………………….8

CODES

Tex. Civ. Prac. & Rem. Code, §16.002(a) …………………………………………....5

Tex. Civ. Prac. & Rem. Code, §16.003 (a) ………………………………………..…….5

Tex. Civ. Prac. & Rem. Code, §101.002 ……………………..………………………4, 5

Tex. Civ. Prac. & Rem. Code, §101.057(2) ……………………………………… …..7

CODES (Cont'd)                                                                                    PAGE

Tex. Civ. Prac. & Rem. Code, §101.101(a) ...................................................4, 5

Tex. Civ. Prac. & Rem. Code, §101.101(c) ...................................................4, 5

Tex. Civ. Prac. & Rem. Code, §101.021 ..........................................................6

CONSTITUTIONS

Eighth Amendment, United States Constitution ..........................................1, 2, 10

Fourteenth Amendment, United States Constitution ....................................1, 2, 10

Tex. Const., Art. V., §23 .................................................................................3

28 U.S.C. § 2201 ...................................................................................1, 2, 10

28 U.S.C. §2202 ....................................................................................1, 2, 10

42 U.S.C. §1983 .............................................................................1, 2, 7, 9, 10

RULES

Fed. R. Civ. Proc. 12(b)(6)(2004) ...............................................................1, 2

Fed. R. Civ. Proc. 7(2004) ...........................................................................2, 11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO A. RODRIGUEZ,                §
                          Plaintiff      §
                                         §
VS.                                      §       CIVIL ACTION NO. B-03-235
                                         §
CAMERON COUNTY AND CAMERON               §
COUNTY SHERIFF'S DEPARTMENT,             §
                          Defendants     §

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT. FED. R. CIV. PROC. 12(b)(6)(2004).

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANTS CAMERON COUNTY and CAMERON COUNTY SHERIFF'S DEPARTMENT ["Defendant County" and "Defendant Sheriff Dept." herein], and file their Motion to dismiss Plaintiff's original Complaint. Fed. R. Civ. Proc. 12(b)(6)(2004), and, in support hereof, would show the Court as follows:

### I. STATUS OF THE CASE.

1.    On 24 December 2003, Plaintiff filed an original Complaint under 42 U.S.C. §1983, and 28 U.S.C. §§ 2201, 2202 and the Eighth and Fourteenth Amendments to the United States Constitution, claiming that on 27 December 2001, he was unlawfully detained and arrested at the Los Indios International Bridge in Cameron County, Texas. (Dkt. # 1, Pp. 2-3)

2.    The basis for said alleged acts was that he was suspected to have been driving a stolen vehicle and that, despite claiming he was the lawful owner of said vehicle, it was confiscated by County authorities.  Furthermore, he was detained and charged with the c:\rodriguez.mot

1

offense of Theft by Possession (*Id.*, P. 3). Plaintiff also included claims of defamation, slander, and negligence, alleging that, by failing to withdraw an arrest warrant and confining him, Defendants made statements and charges against him which were untrue and which severely injured his reputation and caused him extreme mental anguish, public humiliation, and embarrassment.     Finally, Plaintiff claims that Defendants negligently incarcerated him by failing to withdraw the warrant (*Id.*).

3.     Defendants move to have the Court dismiss Plaintiff's Complaint based the Arguments contained herein.  Alternatively, Defendants move to have the Court direct Plaintiff to file a reply to their Motion. Fed. R. Civ. Proc. 7(2004).

## II. ISSUES PRESENTED.

1.     Whether Plaintiff failed to present facts showing that Defendant Sheriff Dept. is properly a party in his case.

2.     Whether Plaintiff timely served Defendants with written notice as required by the Texas Tort Claims Act [the "Act" herein].

3.     Whether Plaintiff's Complaint as to slander and defamation is barred through his failure to have filed it within one (1) year of the date of his arrest.

4.     Whether Plaintiff established a claim against Defendants under the Act.

5.     Whether Plaintiff established a claim against Defendants under §1983, *supra*; and

6.     Whether Plaintiff established a claim against Defendants under §§ 2201, 2202, and the Eighth and Fourteenth Amendments to the United States Constitution, *supra*.

2

### III. FACTS.

1.     On 27 December 2001, Deputy Sheriff Joe Maldonado received a call from Defendant Sheriff Dept.'s dispatch directing him to the Los Indios Bridge in reference to a recovered stolen vehicle.  Upon arrival, Deputy Maldonado contacted a U.S Customs agent who stated that Plaintiff had been driving a vehicle that had been reported stolen out of Wise County, Texas, and that there was a confirmation that said vehicle was stolen. EXHIBIT A.

2.     Deputy Maldonado then contacted Plaintiff who stated that he had just purchased the vehicle from an unknown man in Mexico, but Plaintiff possessed no bill of sale, registration, or title to support his claim. EXHIBIT B.

3.     Plaintiff was then taken into custody and formally charged with Theft by Possession. EXHIBIT C.

### IV. ARGUMENTS.

1.     Plaintiff failed to present facts showing that Defendant Sheriff Dept. is a proper party in this case.

Although Tex. Const., Art. V., §23. provides for the election of a county sheriff, Plaintiff cited no authority for the proposition that a county sheriff department is a governmental unit that can be generally sued.  Indeed, there is federal authority that it cannot be generally sued. Jacobs v. Port of Neches Police Dept., 915 F. Supp. 842, 844 (E.D. Tex. 1996)[Absent an express grant of jural authority, Texas county sheriff departments ' "generally are not legal entities capable of being sued, absent express action by ... (the county ...) to grant the [department] with jural authority."].

As Plaintiff presented no facts to this Court that Defendant Sheriff Dept. is a legal

3

entity capable of being sued in his case, Plaintiff's Complaint should be dismissed as to it. Accord Rideau v. Jefferson Co., 899 F. Supp. 298, 301 (E.D. Tex. 1995).

Assuming the Court may not agree with this Argument, Defendant Sheriff Dept. offers the following Arguments in support of its Motion.

2.    Plaintiff failed to show that he timely served Defendants with written notice as required by the Act.

Although Plaintiff's Complaint does not reference the Act, Plaintiff attached two (2) letters wherein he purported to give identical written notices to Cameron County's County Judge and Cameron County's Sheriff that he planned to sue under the Act, citing Tex. Civ. Prac. & Rem. Code, §101.101(a), *supra*, which states that a plaintiff's written notice must be conveyed to a governmental entity within six (6) months after the day that the incident giving rise to the claim occurred.

Although Tex. Civ. Prac. & Rem. Code, §101.101(c) states that §101.101(a)'s notice requirements do not apply if the governmental unit had actual notice that a death had occurred, that the claimant has received some injury, or that his property has been damaged, State courts have construed "actual notice" to mean knowledge that the unit would have had, had the claimant complied with §101.101(a), *supra*. Bourne v. Nueces Co. Hosp. Dist., 749 S.W.2d 630, 632 (Tex. App. – Corpus Christi 1988, writ denied). That is, a plaintiff must present facts showing that the governmental unit received information reasonably describing the time, manner, and place of the incident. *Id.*, at 633.

A court may consider documents attached to or incorporated in a complaint when considering a motion to dismiss. Lovelace v. Software Spectrum, Inc., 78 F.3d 1015,

4

1017-18 (5th Cir. 1996).  The Court is asked to notice that Plaintiff's Complaint and exhibits show that he was arrested more than two (2) years before his "Notice" letters were delivered.  The Court is next asked to notice that Plaintiff neither referenced §101.101(c), *supra*, in his notices nor alleged that his notices were timely through its application.  Because Plaintiff neither complied with §101.101(a)'s notice requirement nor presented facts showing that his notices were timely through §101.101(c)'s application, Defendants submit that there is an insurmountable jurisdictional defect and, therefore, his Complaint should be dismissed. See Cox v. Klug, 855 S.W.2d 276, 278 (Tex. App. – Amarillo 1993, no writ); Accord State Dept. of Highways & Pub. Transp. v. Dopyera, 834 S.W.2d 50, 54 (Tex. 1992), *cert*. denied, 506 U.S. 1014, 113 S.Ct. 636, 121 L.Ed.2d 567 (1992)[a plaintiff who invokes the Act is "bound by the limitations and remedies provided" therein].

3.      Plaintiff's Complaint as to defamation and slander is barred through his failure to have filed it within one (1) year of the date of his arrest.

        The purpose of a cause of action's statute of limitations is to compel the assertion of claims within a reasonable period of time, while the evidence is still fresh in the minds of the parties and/or witnesses. Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734-35 (Tex. 2001).

        Although the torts of false arrest and false imprisonment have respective statutes of limitation of up to two (2) years, Tex. Civ. Prac. & Rem. Code, §§ 16.002(a), 16.003 (a), the torts of defamation and slander have statutes of limitations of one (1) year. Tex. Civ. Prac. & Rem. Code, §16.002(a); Accord San Antonio Credit Union v. O'Connor, 115 S.W.3d 82, 96 (Tex. App. – San Antonio 2003, writ denied)[defamation, citing

§16.002(a), *supra*].

Because Plaintiff failed to present facts showing that his Complaint was timely-filed as to those alleged offenses, Defendants submit that there is an insurmountable jurisdictional defect and, therefore, his Complaint should be dismissed as to them.

4.    Plaintiff failed to present facts establishing a claim against Defendants under the Act.

In Texas, a governmental unit enjoys sovereign immunity from civil liability unless the Legislature has expressly waived immunity. Harris Co. v. Dillard, 883 S.W.2d 166, 168 (Tex. 1994). Two instances in which the Legislature has done so are found in Tex. Civ. Prac. & Rem. Code, §101.021, which provides that a State governmental unit is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> (B) the employee would be personally liable to the claimant according to Texas law; or
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Defendants submit that Plaintiff's Complaint failed to expressly claim that Defendants' Sovereign Immunity as to its alleged unlawful acts and omissions had been expressly waived through any source.

Defendants next submit that Plaintiff's Complaint failed to present facts establishing the existence of a single one of the foregoing elements in his case and, therefore, it should be dismissed. See Tex. Dept. of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000)[The Act waives immunity as to "use of publically owned vehicles,

6

premises defect, and injuries arising out of conditions or use of property."].

Alternatively, Defendants ask the Court to notice Tex. Civ. Prac. & Rem. Code,

§§101.002 and 101.057(2).

Section 101.002, *supra*, states that Chapter 101, titled "Tort Claims," may be

cited as the Texas Tort Claims Act, and §101.057(2), *supra*, states that said Chapter

does not apply to a claim "arising out of assault, battery, false imprisonment, or any

other intentional tort."

Case law holds that slander, defamation, and false arrest are intentional torts.

Parkway Co. v. Woodruff, 901 S.W.2d 434, 442 (Tex. 1995); Montgomery Ward v.

Garza, 660 S.W.2d 619, 621 (Tex. App. – Corpus Christi 1983, no writ); City of

Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex. App. – Hous. [1st Dist.] 1995, no writ),

respectively.   Consequently, Sovereign Immunity was not waived for these claims,

Accord City of San Antonio v. Dunn, 796 S.W.2d 258, 261 (Tex. App. – San Antonio

1990, writ denied), citing §101.057(2), *supra*, and Plaintiff's Complaint should be

dismissed against Defendants as to them.

As to Plaintiff's negligence claim, he failed to present authority showing that such

a cause exists under the facts he alleged, and failed to allege specific facts showing that

such a cause exists.

5.     Plaintiff failed to present facts establishing a claim against Defendants under

§1983, *supra*.

An allegation of a federal violation under §1983, *supra*, requires a plaintiff to

present facts showing that the alleged violation was an official policy or custom of the

governmental unit. Flores v. Cameron Co., Tex., 92 F.3d 258, 263 (5th Cir. 1996), citing

7

Monell v. Department of Social Services, 463 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); however, there is no liability for a unit based on the theory of *respondeat superior*, Monell, 463 U.S. at 690-92; City of Amarillo v. Langley, 651 S.W.2d 906, 913 (Tex. App. – Amarillo 1983, no writ), citing Monell, *supra*.

That is, to support a §1983 claim as regards to governmental units, a plaintiff must show that an arresting officer was acting under color of law and that he deprived the plaintiff of a constitutional right. Adickes v. S.H.Kress & Co., 398 U.S. 144,150; 90 S.Ct. 1598, 26 L. Ed.2d 142 (1970); Walton v. Alexander, 44 F.3d 1297, 1301 (5th Cir. 1995); Whirl v. Kern, 407 F.2d 781, 789 (5th Cir. 1968), *cert.* denied, 396 U.S. 901, 90 S. Ct. 210, 24 L.Ed.2d 177 (1969); Thomas v. Collins, 860 S.W.2d 500,502 (Tex. App. – Hous. [1[st] Dist.] 1993, writ denied). To that end, he must show that (1) the policy, custom, etc., existed; (2) the policy makers actually or constructively adopted and knew of the policy's, etc., existence; (3) a constitutional violation occurred; and (4) the custom, etc., was the violation's moving force. Meadowbriar Home for Children v. Gunn, 81 F.3d 521, 532-33 (5th Cir. 1996); Accord Monell, 463 U.S. at 691 ["Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."]. A county is liable for a civil rights violation under §1983 when it is shown that the violations resulted from the actions of a county official who had "final policy making authority." Pembauer v. City of Cincinnati, 475 U.S. 469, 482-83; 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Furthermore, §1983 imposes liability for a violation of rights protected by the U.S. Constitution, not for violations of duty arising out of tort law. Baker v. McCollan, 433 U.S. 137, 146; 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Doe v. Taylor Indep. School Dist., 15 F.3d 443, 447 (5th Cir. 1994).

8

Negligence, without more, does not support a §1983 claim. Daniels v. Williams, 474 U.S. 327, 328; 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Case law holds that a plaintiff must do more than make conclusory statements in support of his §1983 Complaint; he must present specific facts to support it. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2202); Rodriguez v. Avita, 871 F.2d 552, 554 (5th Cir. 1989), cert. denied 493 U.S. 854, 110 S. Ct. 156, 107 L. Ed.2d 114 (1989); Accord Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987)[bald allegations … are insufficient to state a §1983 claim]; Board of Commissioners of Bryan Co. v. Brown, 520 U.S. 397, 404; 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)[A plaintiff must demonstrate that a governmental unit was the moving force behind the injury through deliberate conduct].

Defendants submit that the few allegations Plaintiff made do not implicate constitutional guarantees at issues, especially in light of his failure to show the Court that he was then and there the lawful owner of the truck he was driving.  As it is true that a court may consider documents attached to or incorporated in a complaint when considering a motion to dismiss, Lovelace, 78 F.3d at id, it should also be able to consider what was not attached or incorporated.

Plaintiff not only failed to present facts showing that his "unlawful" detention, arrest, and/or subsequent "constitutional violations" sprung from Meadowbriar's elements, he cited no authority for the proposition that liability under §1983 attaches for a single, or isolated, act.  Indeed, case law holds that an isolated act does not establish a widespread custom or practice. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24; 105 S.Ct. 2427; 85 L.Ed.2d 791 (1985); Avita, 871 F.2d at 555, citing Monell, supra.

9

Plaintiff also failed to allege and present facts showing how Defendant County was liable for acts and omissions committed by any agent employed by Defendant Sheriff Dept. at any time relevant to Plaintiff's claims [*e.g.*, there existed an employer/employee relationship between the Defendants or Defendant County directed Defendant Sheriff Dept. to (not) engage in certain acts]. In sum, Plaintiff presented no facts that Defendant County had authority over any employee that was equal to or greater than that of Defendant Sheriff Dept on the date in question as a matter of law or fact. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983)[an affirmative link is need between injury and defendant's act/omission in a §1983 claim].

Considering Plaintiff's failure to present facts in his Complaint showing that he was then and there the lawful owner of the seized vehicle, he failed to present facts showing that an unconstitutional policy or custom was being implemented by either Defendant County or Defendant Sheriff Dept., or both, which caused liability under §1983.

6.     Plaintiff has failed to present facts establishing a claim against Defendants under §§2201 & 2202, and the Eighth and Fourteenth Amendments, *supra*.

The Federal Declaratory Relief Act, §2201, *et seq.*, does not create substantive rights, but provides a procedure to decide existing rights. If a substantive claim is barred by its statute of limitations, the declaratory relief claim falls along with it. Cope v. Anderson, 331 U.S. 461, 464; 67 S.Ct. 1341, 91 L.Ed. 1602 (1947).

As noted, a petitioner must do more than make conclusory statements in support of his §1983 Complaint; he must present specific facts to support it. The same should hold true for a Complaint alleging other constitutional violations and, since Plaintiff did

10

not do more than allege their respective or cumulative violations, his Complaint should be dismissed. See <u>Kyles v. Wheatley</u>, 5 F.3d 806, 856 (5th Cir. [La.] 1993).

Finally, negligence, without more, does not support a Due Process claim. Accord <u>Daniels</u>, 474 U.S. 327, 328.

PRAYER.

WHEREFORE, PREMISES CONSIDERED, Defendants Cameron County and Cameron County Sheriff Dept. pray that, upon submission of this Motion, the Court will dismiss Plaintiff's original Complaint, or that it will direct him to make a reply to such of the foregoing Issues and Arguments contained herein as the Court deems appropriate. <u>Rule 7</u>, *supra*.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: 956.550.1345
Facsimile: 956.550.1348

BY: _____

John A. Olson
Attorney of Record
Texas State Bar #15274750
Federal I.D. # 4034

Dylbia Jeffries-Vega
Texas State Bar #00786516
Federal I.D. # 17065
Of Counsel

11

## CERTIFICATE OF SERVICE.

I certify that on February 23, 2004, a copy of the foregoing Motion to dismiss was electronically-transmitted and mailed via certified mail, return receipt requested, to Ms. Jacqueline R. Salinas, C/O The Salinas Law Firm, Water Tower center, 612 Nolana, Ste. 350, McAllen TX. 78504, 956.661.8001, Plaintiff's attorney of record.

JOHN A. OLSON

12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO A. RODRIGUEZ,    §
                Plaintiff   §
                            §
VS.                         §         CIVIL ACTION NO. B-03-235
                            §
CAMERON COUNTY AND CAMERON  §
COUNTY SHERIFF'S DEPARTMENT, §
                Defendants   §

EXHIBIT A

13

# ARREST INFORMATION

**Arrest Number**

**ORI** TX0310000

## A — INCIDENT DATA

| 1. INCIDENT NUMBER | 2. DATE OCCURRED | 3. TIME OCCURRED | 4. RECEIVED TIME | 5. DISPATCH TIME | 6. ARRIVAL TIME |
|---|---|---|---|---|---|
| 01-012-1364 | 12-27-01 | 6:30AM | 18.16 | 18.17 | 20.42 |

| 7. CLEAR TIME | 8. DATE OF REPORT | 9. TIME OF REPORT | 10. DAY OF WEEK | 11. LOCATION / BUSINESS NAME |
|---|---|---|---|---|
| 10:30 A.M. | 12-27-01 | 2000 HRS | S M T W X F S | Los Indios Bridge |

**12. INCIDENT LOCATION**
NO. _____ STREET Los Indios Bridge  APT.# ____ CITY/STATE San Benito TX. ZIP ____

| 13. LOCATION TYPE — 7 | CODES 1. Highway 2. Commercial 3. Service Station 4. Convenience Store 5. Residence 6. Bank 7. Bridge 8. Miscellaneous/Other | 14. AREA — 2 | 15. REPORTING OFFICER'S NAME — J. Maldonado |
|---|---|---|---|
| | | CODES 1. North 2. South | |

**16. INVESTIGATOR'S NAME** _____

**17. INCIDENT STATUS** 4/11

CODES: 1. Cleared by Arrest  2. Unfounded  3. Exceptionally Cleared  4. Open/Active  5. Open/Not Active  6. Closed /Inactive  7. Turned Over to Evidence Officer  8. Turned Over to other department  9. Turned over to social agency  10. Turned over to animal control  11. Turned over to CID  12. Information only

**18. ALCOHOL RELATED** YES ( ) NO (X) UNK ( )  **19. DRUG RELATED** YES ( ) NO ( ) UNK (X)

**20. DEPARTMENT CLASSIFICATION** CHARGES Theft By Possesion

## B — ARREST INFORMATION

**1. U.C.R. CLASSIFICATION**

**2. ATTEMPTED/COMMITTED** 2  CODES 1. Attempted  2. Committed

**3. STATE CHARGE ORDINANCE** Theft By Possesion

| 4. UCR DISPOSITION | CODES 1. Cleared by Arrest-Adult 2. Cleared by Arrest-Juvenile 3. Exceptionally Cleared-Adult 4. Exceptionally Cleared-Juvenile 5. Unfounded 6. Open | 5. DISPOSITION DATE 12-27-01 | 6. NO. OF PEOPLE |
|---|---|---|---|

| 7. NAME: LAST Rodriguez | FIRST Francisco | MIDDLE Antonio | 8. D.O.B. 02-20-76 | 9. AGE 25 |
|---|---|---|---|---|

| 10. ADDRESS 2234 Del Valle Blvd. | 11. PHONE 574-9802 |
|---|---|

| 12. CITY Brownsville | Texas | ZIP 78521 | 13. SOCIAL SECURITY # 627-289456 |
|---|---|---|---|

**14. BIRTHPLACE:** CITY Brownsville  STATE Texas

**15. OCCUPATION** _____ STATE _____

| 16. RACE — 5 | CODES 1. White/Non-Hispanic 2. Black/Non-Hispanic 3. American Indian or Alaskan Native 4. Asian or Pacific Islander 5. White Hispanic 6. Black Hispanic 7. Other | 17. SEX — 1 | CODES 1. Male 2. Female 3. Unknown |
|---|---|---|---|

| 18. OLN # 08183783 | 19. OLN/ST TX | 20. HEIGHT ___ FT. 7 IN. | 21. WEIGHT 200 LBS. | 22. MISC # |
|---|---|---|---|---|

| 23. HAIR COLOR — 2 | CODES 1. Black 2. Brown 3. Bald 4. Blond 5. Red/Auburn 6. Sandy 7. Gray/Partially Gray 8. Mixed (Salt & Pepper) 9. White 10. Unknown | 24. LENGTH — 3 | CODES 1. Bald 2. Short (Up to/2) 3. Medium 4. Shoulder Length 5. Down the Back 6. Waist Length 7. Collar Length 8. Unknown |
|---|---|---|---|

| 25. STYLE — 4 | CODES 1. Totally Bald 2. Bald on Top 3. Bald Spot 4. Crew Cut 5. Parted on Left 6. Parted on Right 7. Parted in Center 8. Pulled Back 9. Pony Tail 10. Pig Tails 11. Rat Tail 12. Punk 13. Mohawk 14. Afro 15. Braided 19. Dreadlocks 17. Curly 18. Jeri Curls 21. Thinning 22. Receding 23. Unknown 20. Shaved |
|---|---|

| 26. EYE COLOR — 2 | CODES 1. Black 2. Brown 3. Blue 4. Gray 5. Hazel 6. Pink 7. Green 8. Maroon 9. Multi- Colored 10. Other 11. Unknown | 27. GLASSES | CODES 1. YES 2. NO 3. UNKNOWN 4. NOT APPLICABLE |
|---|---|---|---|

| 28. COMPLEXION — 8 | CODES 1. Albino 2. Black 3. Dark 4. Dark Brown 5. Fair 6. Light 7. Light Brown 8. Medium 9. Medium-Brown 10. Olive 11. Ruddy 12. Sallow 13. Yellow 14. Other 15. Unknown |
|---|---|

| 29. FACIAL HAIR — 1 | CODES 1. None 2. Stubble 3. Mustache Only 4. Beard Only 5. Mustache and Beard 6. Mustache and Gotee 7. Gotee 8. Sideburns 9. Unknown | 30. BUILD — 2 | CODES 1. Tall 2. Medium 3. Short 4. Pot Belly 5. Out 6. Obese 7. Heavy/Stocky 8. Thin 8. Muscular |
|---|---|---|---|

| 31. TEETH — 1 | CODES 1. No Discernable Features 2. Broken 3. Crooked 4. Irregular 5. Missing 6. False 7. Gold Tooth 8. Silver Tooth 9. Braces 10. Inlay (Gold or Silver Decorative) 11. Other 12. Unknown |
|---|---|

| 32. SPEECH/VOICE — 3 | CODES 1. Soft Spoken 2. Normal 3. Loud 4. Slurred 5. Confused 6. Accent 7. Stuttered 8. Foreign 9. Mute 10. Other 11. Unknown | 33. HAND USE | 1. Right Handed 2. Left Handed 3. Ambidextrous 4. Unknown |
|---|---|---|---|

| 34. MARITAL STATUS | CODES 1. Singles 2. Married 3. Divorced 4. Separated (legally) 5. Widowed 6. Cohabitating 7. Other 8. Unknown | 35. CITIZENSHIP U.S. | 36. RESIDENCY | CODES 1. City 2. County 3. State 4. Out of State 5. Out of Country 6. Transient 7. Other 8. Unknown |
|---|---|---|---|---|

**37. NARRATIVE EXISTS** YES (X) NO ( )

| 38. BODY MARKS | 39. CAUTION / HAZARDS — 6 | 1. Aids Carrier 2. Known Felon 3. Herpes 4. Armed and Dangerous 5. Chemically Dependent 6. Unknown |
|---|---|---|

## C — ARRESTEE EMPLOYER

**1. EMPLOYER NAME** AmbUS

**2. ADDRESS** Port Of Brownsville

**3. CITY** Brownsville  STATE TX  ZIP _____

**4. PHONE NUMBER** _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO A. RODRIGUEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-235 |
| | § | |
| CAMERON COUNTY AND CAMERON | § | |
| COUNTY SHERIFF'S DEPARTMENT, | § | |
| Defendants | § | |

EXHIBIT B

14

# CAMERON COUNTY SHERIFF'S DEPARTMENT
## CASE REPORT

☑ OFFENSE  ☐ INCIDENT

| Time of Report | Date Occurred | Time Occurred | Date of Report | Case # |
|---|---|---|---|---|
| | | | | 01-121364 |

| Times Received: | Dispatched: | Arrived: | Cleared: | Day of Week: Thursday |
|---|---|---|---|---|

Business Name: Los Indios Bridge  Location: San Benito Tx

| Location Type | City San Benito | Case Status: | Apt |
|---|---|---|---|
| 1 Highway  [7] | Area | 1.Cleared by Arrest  8.Turned over to other department | Alcohol Related Yes☐  No☒ |
| 2 Commercial | | 2.Unfound  9.Turned over to social agency | Drug Related |
| 3 Service Station | | 3.Exceptionally Cleared  10.Turned over to animal control | ☐1 Yes  ☐2 No |
| 4 Convenience store | CID Assign | 4.Open/Active  11.Turned over to detective section | ☒3 Unknown |
| 5 Residence | Emp.# | 5.Open/Not Active | Back-Up Off # |
| 6 Bank | V-15 | 6.Closed/Inactive  [III] | B-11 |
| 7 Bridge | | 7.Turned over to property officer | |
| 8 Miscellaneous/Other | | | |

| UCR Class | State statute/County Ordinance/Civil | P C |
|---|---|---|
| 1 Attempt  2 Committed  [2] | Charge: Theft By Posession | Section 3103b12 |

| Reason for Attack (Robbery or Assault) | Type of Weapon (Robbery or Assault) | How/where entry made (Burglaries) | Forced Entry | Victim Injury Type |
|---|---|---|---|---|
| 1 Assault | 1 Handgun  10.Fire/Incendiary | 1 Window (Front)  12.Unknown | ☐1 Yes | 1 Gunshot |
| 2 Theft | 2 Rifle  11.Threat | 2 Window (Rear)  13.N/A | ☒2 No | 2 Stabbed |
| 3 Menace | 3 Shotgun  12 Simulated | 3 Window (Side)  14.Basement Window | ☐3.Unknown | 3 Laceration |
| 4 Other | 4 Firearm  13 Drugs | 4 Door (Front)  15.Chimney | ☐4.Not Applicable | 4 Unconscious |
| 5 Unknown | 5.Knife/Cutting Inst | 5.Door (Rear) | | 5 Possible Broken Bones |
| 6 N/A | 6.Blunt Object | 6.Door (Side) | Structure Occupancy | 6 Possible internal Injury |
| 7 Concerned Citizen | 7.Hands/Fists/Feet | 7 Roof Entry | ☐1.Occupied | 7 Loss of Teeth |
| 8 Mental Subject | 8.Poison | 8 Wall Entry | ☐2.Uninhabited | 8 Burns |
| | 9 Explosives | 10 From Adjoining Area | ☐3 Abandoned | 9 Abrasions/Bruises |
| | | 11 Other | | 10 Other |
| | | | | Evidence Collected ☐Yes ☐No |

| Name Last | Rodriguez Francisco Antonio | DOB 02-20-76 | Age 25 |
|---|---|---|---|
| Address No | 2234 Del Valle Blvd. | Social Security Number 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 | |
| City | Brownsville  Texas | Home Phone Number 574-9802 | |
| Business Name/Occupation | Business Address/City/State | Business Phone Number | |

| Race | Sex | Ethnic Origin | Drivers License Number/State | Heights | Weight |
|---|---|---|---|---|---|
| 1 White/Non-Hispanic  4 Asian/Pacific Islander | 1 Male ☐ | 1.Hispanic | | Ft.  In: | |
| 2 Black/Non-Hispanic  5 White/Hispanic | 2.Female | 2.Not of Hispanic | | | |
| 3 American Indian/Alaskan Native  6 Black/Hispanic | 3.Unknown | 3.Unknown | 08183783 Tx | 5  7 | 200 |
| 7 Other  [5] | | | | | |

| Victim Type | Victim Residence Type | Victim Residence Status | Will Victim File Charges | Can Victim ID Offender? |
|---|---|---|---|---|
| 1 Juvenile | 1 City  4 Out of State | 1.Residence | 1.Yes  3 N/A  [3] | 1Yes  3 Unknown |
| 2 Adult | 2 County 5 Mexico | 2.Non-Resident | 2.No  4.Other | 2 No  4 N/A  [4] |
| | 3 State  6 Other County | 3.Unknown | | |

**Synopsis**

On 12-27-01 at the above time I was dispatched by S.O. to the Los Indios Bridge in reference to stolen vehicle recovered. Upon Arrival I made contact with Mrs. Grave a Customs Inspector who advised me that Francisco Antonio Rodriguez was driving a 1986 GMC Jimmy that was reported stolen out of SO Wise County. When I made contact with Mr. Rodriguez he advised me that he had just purchased the vehicle for $1000.00 in Mexico from an unknown man. He did not have a bill of Sale, registration or title of the vehicle to proof his claim. Therefore he was arrested for Theft by Possession of a motor vehicle PC 3103 b,1,2

Reporting Party Signature: J Maldonado

| Reporting Officer | Call # | Employee # | Date | Supervisor | IBM # | Date |
|---|---|---|---|---|---|---|
| J. Maldonado | B-7 | 5721 | 12-27-01 | | U-9 | 12-28-1 |
| Witness | | | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO A. RODRIGUEZ,          §
                      Plaintiff  §
                                 §
VS.                              §          CIVIL ACTION NO. B-03-235
                                 §
CAMERON COUNTY AND CAMERON       §
COUNTY SHERIFF'S DEPARTMENT,     §
                     Defendants  §

EXHIBIT C

15

—COMPLAINT—Affidavit for Warrant of Arrest—

# In the Name and by the Authority of the State of Texas:

BEFORE ME, the undersigned authority, on this day personally appeared

Joe Maldonado _____ who, after being by me duly sworn, on Oath deposes and says: That he has good reason to believe, and does believe, that heretofore, on or about the

27 day of December 20 01, and before the making and filing of this Complaint, in the County of Cameron and State of Texas, Francisco Antonio Rodriguez did then and there unlawfully, intentionally and knowingly, appropriated a vehicle without the owner consent and knowing it was stolen by another.

against the peace and dignity of the State.

_____
Complainant

Sworn to and subscribed before me; this _____ day of _____ A.D. 20 ____.

31.03(a)(2)

_____
Justice of the Peace

*Here describe specifically the offense committed

Precinct No._____, Pl. No._____, Cameron County, Texas