United States District Court
Southern District of Texas
FILED

APR 2 9 2004

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO A. RODRIGUEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | CIVIL ACTION NO. B-03-235 |
| | § | |
| CAMERON COUNTY AND | § | |
| COMERON COUNTY SHERIFF'S | § | |
| DEPARTMENT, | § | |
| Defendants | § | |

## PLAINTIFF, FRANCISCO A. RODRIGUEZ'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, FRANCISCO A. RODRIGUEZ, files this, his Response to Defendant's Motion to Dismiss.

### A. FACTS

1.  On or about December 27, 2001, at the Los Indios International Bridge in Cameron County, Texas, Mr. Francisco Rodriguez was unlawfully detained due to a suspicion that the automobile he was driving was stolen. Mr. Rodriguez had complete title and ownership of the automobile he was driving which was a 1986 GMC truck. Mr. Rodriguez's automobile was then unlawfully confiscated by County authorities and impounded. Mr. Rodriguez was detained in the Cameron County Jail for one day and had to post bond. Mr. Rodriguez was unlawfully charged with "theft by possession" of the automobile he legally owned. Cameron County Sheriff's Department refused to withdraw the arrest and unlawfully detained Francisco Rodriguez. *See* Exhibits A & B.

2.  As a direct and proximate result of the actions of Cameron County in failing to withdraw the arrest warrant, Mr. Rodriguez was illegally arrested and was negligently confined by Cameron County authorities, in violation of his constitutional rights.

### B. ARGUMENT
#### *Plaintiff's Sec. 1983 Claim*

3.  Plaintiff brings suit based on the facts that the failure to withdraw an arrest warrant and illegally confine Plaintiff constituted a denial of vested rights pursuant to the Fourteenth Amendment of the United States Constitution.

Further, the failure to withdraw an arrest warrant and illegally confine Plaintiff constituted "cruel and unusual punishment," in violation of the Eighth Amendment of the United States Constitution.

4.  Defendants assert that Officer Maldonado acted in good faith in arresting Francisco Rodriguez and that Plaintiff failed to present facts establishing a claim under Section 1983. Rodriguez' unlawful detainment and the Sheriff Department's refusal to lift the unlawful warrant issued after Rodriguez presented evidence he had properly purchased the truck, constituted a violation of his constitutional, due process rights.  The fact that prison officials acted in good faith in detaining an inmate does not preclude finding of Eighth Amendment violation. *See* U.S.C.A. Const.Amend. 8; *Sample v. Diecks*, 885 F.2d 1099 C.A.3 (Pa. 1989).

5.  Detention of a prisoner can state an Eighth Amendment violation if that detention occurs without penological justification.  In order to establish § 1983 liability in such a case, a Plaintiff must demonstrate that a prison official had knowledge of the prisoner's problem and thus, of the risk that unwarranted punishment was being, or would be, inflicted, that the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight, and that a causal connection exists between the official's response to the problem and the unjustified detention. *See* U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983; *Douglas v. Murphy*, 6 F.Supp.2d 430 E.D. (Pa.1998).

6.  Francisco Rodriguez was kept detained although he had presented evidence that he had lawfully purchased the truck.  The Sheriff's Department refused to lift the arrest warrant.  Thus, their response to the problem was a product of deliberate indifference to Francisco's plight, and a causal connection exists between the official's response to the problem and the unjustified detention, constituting a violation of Plaintiff's due process rights and cruel and unusual punishment.

## *Plaintiff's Negligence Claim*

7.  Plaintiff, Francisco Rodriguez alleges the County was negligent in failing to withdraw his arrest warrant.  In similar cases, Courts have held that a suit for negligent failure to withdraw an arrest warrant is not precluded. *See Jefferson County v. Sterk*, 830 S.W.2d 260, 261 (Tex.App.—Beaumont 1992, den.). Thus, Plaintiff's claim of negligence is viable.

## *Plaintiff's Claim Against Sheriff*

8.  Defendant alleges that the Sheriff's Department was not noticed of such claim and thus, should be dismissed.  Plaintiff noticed Defendants of such claim per

the Tort Claims Act on or about December 23, 2003. *See* Exhibit C. Further, Plaintiff, Francisco Rodriguez told the Sheriff's Department that he would file a lawsuit against them after his release in December 2001. *See* Exhibit B. Thus, Cameron County Sheriff's Department had actual notice of the claim.

### *Plaintiff's Complaint as to Defamation and Slander*

9.    Plaintiff agrees to amend his Original Petition, excluding Defamation and Slander allegations.

## C. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon submission of this Motion, the Court will not dismiss Plaintiff's Original Complaint.

Respectfully submitted,

THE SALINAS LAW FIRM, P.L.L.C.

Jacqueline R. Salinas
State Bar No. 24027947
Water Tower Centre
612 Nolana, Ste. #350
McAllen, Tx. 78504
Telephone No. 956/661-8000
Facsimile No. 956/661-8001

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Response was delivered on April 28, 2004, to Defendants, by and through their Counsel of Record:

John A. Olson
CIVIL LEGAL DEPARTMENT
COMISSIONERS COURT
964 E. Harrison St.
Brownsville, TX. 78520

JACQUELINE R. SALINAS

*Plaintiff's Response to Defendant's
Motion to Dismiss*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANCISCO A. RODRIGUEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | CIVIL ACTION NO. B-03-235 |
| | § | |
| CAMERON COUNTY AND | § | |
| COMERON COUNTY SHERIFF'S | § | |
| DEPARTMENT, | § | |
| Defendants | § | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

On this _____ day of _____, 2004, came under submission Defendant, Cameron County and Cameron County Sheriff Department's Motion to Dismiss Plaintiff's Original Complaint, and the Court having considered the same, and all other instruments on file on this date, is of the opinion that Defendants' Motion to Dismiss is hereby DENIED.

It is so ORDERED, ADJUDGED, and DECREED, for which the Clerk of this Court shall issue notice to the attorneys-of-record named herein below.

Signed for entry on _____, 2004 in Brownsville, Cameron County, Texas.

_____
JUDGE PRESIDING

cc:     Ms. Jacqueline R. Salinas                    John A. Olson
        The Salinas Law Firm, P.L.L.C.               CIVIL LEGAL DEPARTMENT
        612 Nolana, Ste. 350                         COMISSIONERS COUR
        McAllen, Texas 78504                         964 E. Harrison St.
        **Attorney of Record for Plaintiff**         Brownsville, TX. 78520
                                                     **Attorney of Record for Defendants**

# EXHIBIT "A"

# Cameron County Sheriff's Department



**Conrado Cantu, Sheriff**
Phone: (956) 550-7290
Fax: (956) 544-0878

P. O. Box 347(
954 E. Harrisor
Brownsville, TX 78520

### PROPERTY RELEASE FORM

CASE NUMBER: _01 - 12136(_

OFFENSE: _U. U. M. V._                    DATE: _12-27-01_

EVIDENCE/PROPERTY  BIN# _01 - 121364_      OWNER: _Francisco Antonio Rodri_

BOOKED BY: _J. Maldonado    Badge # B-7_    DATE: _12-27-01_

_1986_
_GMC_
_Jimmy_
_2 dr._
_White / Grey_
_Tx ; UNO 291_
_VIN: IG5CT18876S510118_

Released to: _Francisco Antonio Rodriguez_          Date: _01-04-02_

Investigator in charge of case: _[signature]_      _V-15_

### RECEIPT AND RELEASE

I, the undersigned, acknowledge receiving from the Cameron County Sheriff's Departmen
above listed item(s).

_X Francisco A Rodriguez_

No. 01-79 **10222**

## CAMERON COUNTY BAIL BOND BOARD

Surety appearance (Bail) - for complaints, information, indictment, all subsequent proceedings, before all Courts;

CAUSE No.: E-178-01 §    CAUSE No.: _____

CAUSE No.: _____ §    County Court at Law No. _____

Justice of the Peace, Pct. 2 Pl. 2 §    District Court No.: _____

Municipal Court of: _____ §    Judge: _____

Judge: Tullbs §    CAMERON COUNTY, TEXAS

CAMERON COUNTY, TEXAS 10.4/39/01 §

THAT WE, Francisco Antonio Rodriguez as principal Banker's Insurance Company d/b/a EZ Out Bail Bonds as sureties are held and firmly bound unto the State of Texas in the penal sum of TEN Thousand Dollars ($ 10,000 ) Dollars, for the payment of which sum, well and truly to be made, and all additional fees and expenses that may be incurred by Peace Officers in arresting the principal in the event the conditions of this bond is violated, we do bind ourselves, our heirs, executors and administrators, jointly and severally, by these present:

THE CONDITION OF THE ABOVE OBLIGATION is such that whereas the above named principal Francisco Antonio Rodriguez stands charged by complaint duly filed in the Court of Cameron County, Texas with the offense of a Misdemeanor / Felony (Circle One) to Wit: THEFT By Possession

and whereas, the above named principal was, by order of said Magistrate, and Court, required to give bail in the sum of Ten Thousand Dollars ($ 10,000 ) Dollars for his/her personal appearance before the District Court of Cameron County, Texas.

NOW if the principal shall well and truly make his/her personal appearance INSTANTER before the District Court of Cameron County, Texas, now in session, or at its next regular term, if now on vacation, to be held at 974 E. Harrison in Cameron County, in the City of Brownsville, Texas and further, shall well and truly make his/her personal appearance before said Court in any and all subsequent proceedings that may be had relative to the said charge in the course of the criminal action based on said charge, and there remain from day to day and from term to term of said Court, until discharge by due course of Law, then and there to answer said accusation against him/her, this obligation shall become void; otherwise to remain in full force and effect.

SIGNED AND DATED this 20 day of March 20 01

day of _____ 20 _____

TAKEN AND APPROVED this _____

_____
Signature of Magistrate approving Bond

by: _____
(Lieutenant / Sergeant)

Date of Release 12-28-2001

Personal Recognizance Bond by Judge: _____

_____ 456/574
Signature of Principal                Telephone

22 34 Del Wood
Mailing Address (include P.O. Box)

_____
City                State        Zip

_____
Signature of Surety        Brownsville, Tx. 78
1055 E. Tyler
Address of Surety

_____
Signature of Surety

Date : 12/27/2001                                                                                  Page : 1

# PROPERTY WITHHELD RECEIPT
## CAMERON COUNTY SHERIFF'S DEPARTMENT

BOOKING NO. **2001120506**        FILE NO. **139101**

CELL                              BUNK

INMATE NAME **RODRIGUEZ, FRANCISCO ANTONIO**

ADDRESS **2234 DEL VALLE BLVD.**

**BROWNSVILLE**                **TX   78520-**

PROPERTY BOX #/LOCATION

**PROP ROOM**

INVENTORY OFFICER

**BOLIVAR**

| QUANTITY | DESCRIPTION | LOCATION |
|---|---|---|
| 1 | CAP | PROP ROOM |
| 1 | WALLET | PROP ROOM |
| 12 | KEYS W/ALARM | PROP ROOM |
| 1 | PR OF SHOELACES | PROP ROOM |
| 1 | $ 42.95 CASH AMOUNT DEPOSITED INTO INMATE ACCOUNT | INMATE ACCOUNT |

**16**   ITEM(S) INVENTORIED

I CERTIFY THAT THE ABOVE IS A CORRECT LISTING OF ALL ITEMS THAT WERE REMOVED FROM MY POSSESSION AT THE TIME THAT I WAS PLACED INTO JAIL.

Francisco A Rodriguez

INMATE SIGNATURE            DATE    RECEIVING OFFICER

# Raymond's Wrecker Service

204 Paredes Line Rd.
Brownsville, Tx 78521
**(210) 541-2029  -  (210) 542-4439**

Date: _____

Name: _____

Address: _____

Driver License or Title # _____

Insurance Company _____

Case No. _____

| Year | Make | Model | Color | License # |
|------|------|-------|-------|-----------|
|      |      |       |       |           |

Speedometer _____

VI # _____

Time _____

For _____

Where _____

Why _____

Pick up by _____

Keys available?    ☒ Yes    ☐ No

Wrecker Service Charge _____ Certified: _____

Storage Fee _____ Tax: _____

SIGNATURE _____

**2014**    TOTAL DUE $ _____

# TEXAS CERTIFICATE OF TITLE

## ORIGINAL

VEHICLE TITLES AND REGISTRATION DIVISION

**5 2 4 4 1 5 8 3**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1G5CT18R7G8510118 | 1986 | GMC | LL |

TITLE/DOCUMENT NUMBER     DATE TITLE ISSUED

**03125037297081824  03/05/2002**

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | 1/2 | 3600 | VN0291 |

PREVIOUS OWNER

**RUSSELL BRYANT BROWNSVILLE TX**

ODOMETER READING

**EXEMPT**

OWNER                                              REMARK(S)

**FRANCISCO A RODRIGUEZ
2234 DEL VALLE BLVD
BROWNSVILLE, TX 78521**

X _____

SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN          1ST LIENHOLDER

**NONE**

1ST LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

DATE OF LIEN          2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

DATE OF LIEN          3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE

BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-C REV. 12/99        DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

**SHERIFF'S DEPARTMENT**
**FEE ACCOUNT**

No. _11460_

Date _10-16_    20 _02_

Received From _Francisco A. Rodriguez_    $ _5.00_

_five + no/100_ ——————— Dollars

Description: _Record Check_

Cash _____✓_____

Check _____

Money Order _____

Miscellaneous _____

Civil Process _____

By _____

# CAMERON COUNTY SHERIFF'S DEPARTMENT



CONRADO M. CANTU, SHERIFF
PHONE: (956)550-7290
Fax (956) 544-0878

P.O. Box 3470
954 E. HARRISON
BROWNSVILLE, TX 78520.

## RECORD CHECK

October 16, 2002

To whom it may concern:

The information listed on this report is taken from our booking files only.
These records do not reflect information which may be maintained by
TCIC/NCIC, or other agencies.

FRANCISCO ANTONIO RODRIGUEZ_____ 02/20/76_____
NAME                                        DATE OF BIRTH

2234 DEL VALLE BLVD_____ BROWNSVILLE, TEXAS_____
ADDRESS                                      CITY & STATE

EMPLOYED BY_____ PURPOSE OF CHECK _____

RECORD CHECK CONDUCTED BY: YOLANDA M. GOMEZ

**CAMERON COUNTY SHERIFF DEPARTMENT IS NOT PROVIDING THIS LETTER AS AN IDENTITY
DOCUMENT.**

To be valid, the attached report must contain the official seal
of the Cameron County Sheriff's Department.
    This is to certify that the booking files of the Cameron
County Sheriff Department have been reviewed. The Cameron County
Sheriff's Department reveals the following history:

**SEE ATTACHED PAGE FOR CRIMINAL HISTORY**

SINCERELY,

SHERIFF'S DEPARTMENT - JAIL
RECORDS DIVISION

# CAMERON COUNTY SHERIFF'S DEPARTMENT



OPEN DOOR POLICY........

CONRADO M. CANTU, SHERIFF
PHONE: (956)550-7290
FAX (956) 544-0878

P.O. BOX 3470
954 E. HARRISON
BROWNSVILLE, TX 78520.

## **CRIMINAL HISTORY**

| ARREST DATE: | CHARGE: | RELEASE DATE & DISPOSTION |
|---|---|---|
| 12/27/01 | THEFT BY POSSESSION | 12/28/01 REL. ON  A<br>$10,000 BOND E-Z OUT |

YOLANDA M. GOMEZ
RECORDS DEPT.

CAUSE NO. F-178-01
THEFT

| THE STATE OF TEXAS | § | IN THE JUSTICE OF THE PEACE COURT |
| VS. | § | OF CAMERON COUNTY, TEXAS |
| FRANCISCO ANTONIO RODRIGUEZ | § | PRECINCT NO.2 , PLACE NO 2 |

## STATE'S MOTION TO DISMISS

COMES NOW, THE STATE OF TEXAS, by its County and District Attorney, and moves the Court to dismiss the above entitled and numbered cause against the above-named Defendant, for the following reasons:

PROPERTY WAS NOT STOLEN.

Respectfully submitted,
Yolanda de Leon

By: _____
GORDON LEMAIRE
Assistant County and District Attorney
Bar No. 24010186
974 East Harrison Street
Brownsville, Texas  78520
(956) 544-0849

## ORDER OF DISMISSAL

ON THIS, THE _5_ day of _April_, 200_2_ came to be heard the written motion of the State's Attorney, filed herein, asking permission of the Court to dismiss this cause against the Defendant, FRANCISCO ANTONIO RODRIGUEZ for the reasons set out in said Motion, and the same having been heard and duly considered, the Court is of the opinion that the reasons so stated are good and sufficient to authorize such dismissal.

IT IS THEREFORE CONSIDERED, ORDERED and ADJUDGED by the Court, that this criminal action be, and the same hereby, dismissed as to the aforesaid Defendant.

_____
JUDGE PRESIDING

# EXHIBIT "B"

## AFFIDAVIT OF FRANCISCO RODRIGUEZ

STATE OF TEXAS                §
                             §
COUNTY OF CAMERON    §

BEFORE ME, the undersigned Notary Public, on this day personally appeared FRANCISCO RODRIGUEZ, who after being duly sworn, upon her oath did depose as follows:

"My name is FRANCISCO RODRIGUEZ. I am over twenty-one years of age and am competent to make this Affidavit. I have not been convicted of a felony. I have personal knowledge of the facts set forth below:

On or about December 27, 2001, I was at the Los Indios International Bridge in Cameron County, Texas. I was driving a 1986 GMC Truck which I had just purchased. I was stopped and arrested because the police said the truck was stolen. My truck was then unlawfully confiscated by County authorities and impounded. I presented information showing I had purchased the truck, including the Certificate of Title. I was still detained in the Cameron County Jail for one day until I got enough money to post bond. I was unlawfully charged with "theft by possession" of the truck, although I had complete title and ownership of the automobile he was driving which was a 1986 GMC truck. After the Sheriff's Department checked my Title and ownership, they would still not let me go. I had to go before a Judge to finally get the charges dropped. After, I told the Sheriff's Department that what they did to me was wrong and I was going to file a lawsuit."

FURTHER AFFIANT SAYETH NOT.

SIGNED this the 28th day of April, 2004.


_Francisco A. Rodriguez_
FRANCISCO RODRIGUEZ

STATE OF TEXAS §
§
COUNTY OF HIDALGO §

SUBSCRIBED TO AND SWORN TO before me this *28th* day of April 2004, by the said FRANCISCO RODRIGUEZ.



ALICIA G. CANTU
MY COMMISSION EXPIRES
May 21, 2007

Notary Public, State of Texas

**EXHIBIT "C"**

# THE
# SALINAS LAW FIRM

612 Nolana, Ste. 350
McAllen, Texas 78504
(956) 661-8000 ● FAX (956) 661-8001
e-mail: salinaslawfirm@hotmail.com

December 23, 2003

**VIA C.M.R.R.R. #7003 1680 0001 6992 3540**
Sheriff Conrado Cantu
Cameron County Sheriff's Department
7300 Old Alice Road
Olmito, Texas 78575

| | |
|---|---|
| **RE:** | NOTICE OF CLAIM |
| **Our Client:** | Francisco A. Rodriguez |
| **Date of Accident:** | 12-27-01 |

Sheriff Conrado Cantu:

Francisco Rodriguez hired this law firm to assert this claim against Cameron County and Cameron County Sheriff's Department. This letter is notice that my client plans to file suit under the Texas Tort Claims Act. Under Texas Civil Practice & Remedies Code section 101.101(a), my client is required to provide you with notice of (1) the damage or injury claimed, (2) the time and place of the incident, and (3) the incident itself.

The occurrence giving rise to this claim took place on December 27, 2001, at the Los Indios International Bridge in Cameron County, Texas. Mr. Rodriguez was unlawfully detained for a prolonged period due to a suspicion that the automobile he was driving was stolen. Mr. Rodriguez's automobile was then unlawfully confiscated by County Authorities and impounded. Mr. Rodriguez was then detained in the Cameron County Jail for one day and had to post bond. Mr. Rodriguez was unlawfully charged with "theft by possession" of the automobile he legally owned. Mr. Rodriguez had complete title and ownership of the automobile he was driving which was a 1986 GMC truck.

As a direct and proximate result of the actions of Cameron County in failing to withdraw the arrest warrant, Mr. Rodriguez was illegally arrested and was negligently

confined by Cameron County authorities. Mr. Rodriguez seeks compensation for these actions, as the false allegations made against him defamed his character and constituted infringements of his constitutional rights. Francisco Rodriguez incurred economical damages in the amount of $1,000 for bond release and $207.43, which was the cost of the wrecker and impounding of his vehicle.

My client wishes to resolve this matter amicably before ensuing further litigation. Thus, your attention to this matter is appreciated.

Sincerely,

Jacqueline R. Salinas
Attorney at Law

JRS/rs

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _BROOKS_  ☐ Agent  ☐ Addressee <br> B. Received by ( Printed Name)  C. Date of Delivery <br> _BROOKS_ |
| 1. Article Addressed to: <br> Sheriff Conrado Cantu <br> Cameron County Sheriff's Dept. <br> 7300 Old Alice Rd. <br> Olmito, Tx. 78575 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No |
| | 3. Service Type <br> ☑ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☐ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from service label)  7003  1680  0001  6992  3540 | |
| PS Form 3811, August 2001  Domestic Return Receipt | 102595-01-M-2509 |

# THE
# _____SALINAS LAW FIRM_____

612 Nolana, Ste. 350
McAllen, Texas 78504
(956) 661-8000 • FAX (956) 661-8001
e-mail: salinaslawfirm@hotmail.com

December 23, 2003

**VIA C.M.R.R.R. #7003 1680 0001 6992 3533**
Judge Gilberto Hinojosa
974 E. Harrison St.
4th Floor Administration Building
Brownsville, Texas 78520

| | |
|---|---|
| **RE:** | NOTICE OF CLAIM |
| **Our Client:** | Francisco A. Rodriguez |
| **Date of Accident:** | 12-27-01 |

The Honorable Gilberto Hinojosa:

Francisco Rodriguez hired this law firm to assert this claim against Cameron County and Cameron County Sheriff's Department. This letter is notice that my client plans to file suit under the Texas Tort Claims Act. Under Texas Civil Practice & Remedies Code section 101.101(a), my client is required to provide you with notice of (1) the damage or injury claimed, (2) the time and place of the incident, and (3) the incident itself.

The occurrence giving rise to this claim took place on December 27, 2001, at the Los Indios International Bridge in Cameron County, Texas. Mr. Rodriguez was unlawfully detained for a prolonged period due to a suspicion that the automobile he was driving was stolen. Mr. Rodriguez's automobile was then unlawfully confiscated by County Authorities and impounded. Mr. Rodriguez was then detained in the Cameron County Jail for one day and had to post bond. Mr. Rodriguez was unlawfully charged with "theft by possession" of the automobile he legally owned. Mr. Rodriguez had complete title and ownership of the automobile he was driving which was a 1986 GMC truck.

As a direct and proximate result of the actions of Cameron County in failing to withdraw the arrest warrant, Mr. Rodriguez was illegally arrested and was negligently

confined by Cameron County authorities. Mr. Rodriguez seeks compensation for these actions, as the false allegations made against him defamed his character and constituted infringements of his constitutional rights. Francisco Rodriguez incurred economical damages in the amount of $1,000 for bond release and $207.43, which was the cost of the wrecker and impounding of his vehicle.

My client wishes to resolve this matter amicably before ensuing further litigation. Thus, your attention to this matter is appreciated.

Sincerely,

Jacqueline R. Salinas
Attorney at Law

JRS/rs

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>ADOLFO GARZA  ☐ Agent  ☐ Addressee<br>(Printed Name)  C. Date of Delivery  12/30/03 |
| 1. Article Addressed to:<br><br>Judge Gilberto Hinojosa<br>974 E. Harrison St.<br>4th Floor Admin. Building<br>Brownsville, TX. 78520 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7003 1480 0001 6442 3533 | |
| PS Form 3811, August 2001  Domestic Return Receipt | |