

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 3 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| FRANCISCO A. RODRIGUEZ | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action B-03-235 |
| CAMERON COUNTY, and CAMERON COUNTY SHERIFF'S DEPARTMENT | § § § § | |
| Defendants. | § § | |

### ORDER

BE IT REMEMBERED that on April 29, 2004, the Court **GRANTED** Defendants' motion to dismiss [Dkt. No. 4].

I.   **Factual and procedural background**

Plaintiff Francisco A. Rodriguez alleges in his Original Complaint [Dkt. No. 1] that on or about December 27, 2001, after crossing the Los Indios Bridge from Mexico to the United States of America, he was "unlawfully detained for a prolonged period due to a suspicion that the automobile he was driving was stolen." He further alleges that the automobile, a 1986 GMC truck, was unlawfully confiscated and impounded by Cameron County authorities. Plaintiff alleges he was arrested, transported to the Cameron County Jail, charged with theft by possession of an automobile, and detained until he was able to post a bond. Plaintiff claims all of these actions were unlawful because he legally owned and had complete title to the automobile. Finally, Plaintiff alleges that the Defendants made false statements regarding Plaintiff's arrest and detention thus defaming and slandering Plaintiff. These false statements were allegedly made in conversations with Plaintiff and third parties.

These factual allegations form the basis of Plaintiff's various claims against Defendants Cameron County ("County") and Cameron County Sheriff's Department

("Sheriff's Department"). First, Plaintiff makes claims under 28 U.S.C. § 1983 alleging his civil rights protected by the Eighth and Fourteenth Amendments to the United States Constitution were violated. Next, Plaintiff alleges he was defamed and slandered by Defendants. Finally, Plaintiff alleges that Defendants were negligent both in failing to withdraw the arrest warrant and in confining him.

Defendants filed a motion to dismiss attacking each of the allegations in the Original Complaint and attached three exhibits to their motion. Plaintiff failed to respond.[1] The submission date has passed and the motion is now ripe for consideration.

## II.   Dismissal and Conversion Standard under Rule 12(b)(6)

Rule 12(b)(6) allows for dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Such dismissals, however, are rare, *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986), and only granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

In determining whether a dismissal is warranted pursuant to Rule 12(b)(6), the Court accepts as true all allegations contained in Plaintiff's complaint. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983); *Gargiul v. Tompkins*, 704 F.2d 661, 663 (2nd Cir. 1983), *vacated on other grounds*, 465 U.S. 1016 (1984). In addition, all reasonable inferences are to be drawn in favor of Plaintiff's claims. *Id.* "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark*, 794 F.2d at 970.

A motion to dismiss may be converted by the court into a motion for summary judgment if matters beyond the pleading are presented to and accepted by the court. Rule 12(b) provides in pertinent part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of

---

[1] Local Rule 7.4 states that "Failure to respond will be taken as a representation of no opposition." Notwithstanding this rule, the Court considers the merits of Defendants' motion to dismiss.

2

> the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Any party may bring the conversion provision into operation by submitting extraneous matters. *Hadges v. Yonkers Racing Corp.*, 733 F. Supp. 686 (S.D.N.Y.), *aff'd*, 918 F.2d 1079 (2d Cir. 1990), *cert. denied*, 499 U.S. 960 (1991). The Fifth Circuit Court of Appeals has traditionally allowed motions to dismiss to be converted into motions for summary judgment where matters outside the pleadings are presented for consideration. *General Guaranty Ins. Co. v. Parkerson*, 369 F.2d 821 (5th Cir. 1966).

The Court has complete discretion in determining whether to accept materials beyond the pleadings that are offered in conjunction with a Rule 12(b)(6) motion. *Isquith on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3, (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (2d ed. 2004). This discretion is exercised when the conversion is likely to facilitate the disposition of the action. *Isquith*, 847 F.2d at 193 n.3. If the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the Court is likely to accept it; when it is scanty, incomplete, or inconclusive, the Court probably will reject it. *Id.* Once a court has decided to accept matters outside the pleadings, it must convert the motion to dismiss into one for summary judgment. *Kaminsky v. Rosenblum*, 737 F.Supp. 1309 (S.D.N.Y. 1990).

The Court finds that the materials attached to Defendants' motion to dismiss are not sufficiently comprehensive that they, without more, will further a decision on summary judgment. Therefore, the Court will disregard those materials and consider the motion to dismiss under the appropriate Rule 12(b)(6) standard.

III. **Analysis**

   A.   **Dismissal of claims against the Sheriff's Department**

The claims against the Sheriff's Department fail. Plaintiff may not bring a civil

rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *see also* FED. R. CIV. P. 17(b). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Plaintiff has not cited and this Court finds no law, constitutional, statutory, or otherwise, that confers upon the Sheriff's Department the authority to sue or be sued or that entitles it to function independently of the County. Simply, the Sheriff's Department is not a jural entity that can be sued. *Id.* at 313-14 (holding that a police department is not a jural entity); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (holding that county sheriff's department is not legal entity capable of suing or being sued). Plaintiff thus seeks relief from an entity that is not subject to suit under § 1983. The action against the Sheriff's Department is **DISMISSED WITH PREJUDICE**.

 **B. Claims against the County**

  **1. Section 1983**

Defendants argue Plaintiff's allegations are merely conclusory statements rather than allegations of specific facts which would support a § 1983 claim.

The Fifth Circuit has clarified that to prove municipal or county liability under § 1983, three elements are required: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An official policy may be established by proving there is a persistent and widespread practice that constitutes a custom representing a municipal policy. *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.) (per curiam), *aff'd in relevant part on rehearing*, 739 F.2d 993 (5th Cir. 1984) (en banc) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). A single incident, however, will often be inadequate for inferring a custom exists and the municipality is liable under *Monell* unless the actors involved have official policy-making authority. *See Worsham v. City of Pasadena*, 881 F.2d 1336, 1339-40 (5th Cir. 1989) (citations omitted). Furthermore, the policymaker must make "a deliberate choice to

follow a course of action . . . made from among various alternatives" that leads to a constitutional violation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Pembaur v. City of Cincinatti*, 475 U.S. 469, 483-84 (1986)). Similarly, in order to prove a municipality or county is liable under section 1983 for a policy of hiring or training, the plaintiff must show that "(1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury." *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. at 385-87; *Benavides v. County of Wilson*, 955 F.2d 968, 972 (5th Cir. 1992)). Additionally, "[w]here the alleged policy is one of inadequate police training, the plaintiff can only satisfy the first element of municipal liability if the failure to train satisfies the 'deliberate indifference' standard that applies to supervisor liability." *Baker*, 75 F.3d at 200 (citing *Benavides*, 955 F.2d at 972).

The Court agrees that Plaintiff presented only a conclusory statement regarding § 1983 liability. The Court is aware of the liberal pleading requirements of Federal Rule of Civil Procedure 8(a) and the Supreme Court's decision to abolish a heightened pleading requirement for section 1983 claims against municipalities. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). Nevertheless, Plaintiff failed to allege specific facts to support claims that (1) a government actor with policymaking authority established a policy, (2) there is a widespread custom, (3) the policymaker adopted inadequate training or hiring procedures in which he was deliberately indifferent, or (4) these training or hiring procedures caused constitutional injury to Plaintiff. The words policy, policymaker, training, hiring, or deliberate indifference do not appear in Plaintiff's complaint. More importantly, Plaintiff has not alleged any facts conjuring these. Defendants' motion to dismiss the § 1983 claims against the County, therefore, is **GRANTED**, and the claims are **DISMISSED WITHOUT PREJUDICE**.

### 2.    Defamation and slander

Plaintiff alleges Defendants defamed and slandered him by making false

statements to Plaintiff and third parties which in turn severely injured Plaintiff's reputation. Defendants argue these claims are barred by the applicable statute of limitations.

A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from Plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like. *See Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002); *see also Kansa Reinsurance v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing, under Rule 12(b)(6), a claim as time barred where the claim was clearly filed after the applicable statute of limitations had run and where it was evident from the pleadings that the plaintiff was not entitled to the benefit of the discovery rule); *Cross v. Lucius*, 713 F.2d 153, 156 (5th Cir. 1983); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990).

Under Texas law, "[a] person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (Vernon 2002). An action for slander or defamation accrues when the defamatory statement is published. *See Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976) (applying § 16.002(a) to an allegation of defamation). According to Plaintiff's complaint which was filed December 24, 2003, the defamatory statement were made in December 2001. Defendants' motion to dismiss the defamation and slander claims against the County, therefore, is **GRANTED**, and the claims are **DISMISSED WITHOUT PREJUDICE**.

### 3. Negligence

In his last cause of action, Plaintiff alleges that he was "charged and negligently detained by Cameron County authorities" and that "[d]ue to the Defendants' negligent failure to withdraw the arrest warrant and negligence in confining him, Plaintiff has suffered damages . . .." Defendants argue that this cause of action falls under the Texas Tort Claims Act ("Act") and must fail on two grounds: (1) Plaintiff failed to properly notify Defendants of the claim and (2) the facts alleged do not fall within the specific and limited waiver of sovereign immunity found in the Act.

The County is entitled to notice of any tort claims against it no later than six months after the date on which the claim arose. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (West 1997). The exhibits to the complaint demonstrate that Plaintiff notified the County of his allegations in December 23, 2003, almost two years after the alleged negligent conduct. The Court finds that Plaintiff did not provide notice of his claim to the County within the requisite six-month period. Therefore, the negligence claims against the County are hereby **DISMISSED WITHOUT PREJUDICE**. The Court does not reach the second ground for dismissal.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss [Dkt. No. 4]. The action against the Sheriff's Department is **DISMISSED WITH PREJUDICE**. Plaintiff's § 1983 claims against the County are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's defamation and slander claims against the are **DISMISSED WITHOUT PREJUDICE**. Finally, Plaintiff's negligence claims against the County are **DISMISSED WITHOUT PREJUDICE**.

DONE at Brownsville, Texas, this 29th day of April 2004.

_____
Hilda G. Tagle
United States District Judge